OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff William Haren appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed his complaint against defendant Superior Diary, Inc. Appellant assigns three errors to the trial court:
 {¶ 2} "The trial court erred by finding that plaintiff-appellant's promissory estoppel and breach of implied contract claims were pre-empted by the collective bargaining agreement.
 {¶ 3} "The trial court erred by finding that plaintiff-appellant could not maintain a wrongful discharge claim because he was subject to a collective bargaining agreement.
 {¶ 4} "The trial court erred in finding that the promises made by the company to haren required interpretation of the cba and were pre-empted."
 {¶ 5} Appellant has not complied with Loc. App. R. 9, and has not included a separate statement declaring whether the judgment is inappropriate as a matter of law on the undisputed facts or that there is a genuine dispute as to material facts, along with a separate statement of the specific facts or issues claimed to be material and genuinely disputed. Additionally, appellant has not attached a copy of the judgment entry appealed from. In his brief, appellant argues the trial court did not examine all the appropriate material and prior briefings, and failed to view the evidence in light most favorable to the non-moving party. Appellant also challenges the trial court's determination that Superior's "just cause" and progressive discipline policies are implied into the collective bargaining agreement.
 {¶ 6} The trial court recited the facts in its amended judgment entry filed September 11, 2003. The court found appellant was a member of the Teamster's Local Union 113 throughout his employment with Superior, beginning May 30, 1980 and ending on July 22, 1998. Appellant was an hourly compensated worker who worked in the maintenance department, and was covered by a series of Collective Bargaining Agreements. Superior also employs hourly workers who are not unionized or covered by Collective Bargaining Agreements.
 {¶ 7} Appellant alleges he suffered threats and harassment, and was finally discharged in retaliation for his documentation and reporting of safety violations. At one point during his employment, appellant was a member of the Superior Dairy, Inc./Teamster's Local 113 Joint Safety Committee. The Union opted to dissolve the joint safety committee, which consisted of three persons, in favor of a much larger safety program. At the time Superior terminated him, appellant was not a member of the Committee, and had not been for over one and one-half years.
 {¶ 8} The trial court found appellant claims he was discharged in violation of public policy in retaliation for his safety-related activities. By contrast, Superior claims appellant was discharged after he had received a series of ten letters warning him of inappropriate conduct during his employment, including badgering, pestering, and threatening his fellow union workers.
 {¶ 9} Appellant filed a grievance pursuant to the Collective Bargaining Agreement claiming unjust termination. Because appellant had clashed with his local union representatives, outside counsel represented him with regard to the grievance. The matter was set to be heard by a Federal arbitrator, but appellant dismissed his grievance and filed suit instead.
 {¶ 10} Originally appellant filed suit in the United States District Court for the Northern District of Ohio, pleading a Federal Section 301 claim, an Ohio Whistleblower claim, and intentional infliction of emotional distress. The Federal court dismissed the federal claim only, but the United States Court of Appeals for the Sixth Circuit reversed the decision in appellant's favor, and returned the matter to district court. Appellant subsequently dismissed the action in Federal Court, to pursue the matter in Stark County Common Pleas.
 {¶ 11} Civ.R. 56 provides a trial court may render a summary judgment only if it appears there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The test is whether reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. A trial court should not enter summary judgment if reasonable minds could draw different conclusions from undisputed facts, Hounshell v. American States InsuranceCompany (1981), 67 Ohio St.2d 427. A trial court may not resolve ambiguities in the evidence presented. Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St.3d 321.
 {¶ 12} This court reviews summary judgments by the same standard as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35.
 {¶ 13} The party moving for summary judgment bears the initial burden of informing the court the basis for its motion, and identifying the portions of the record which demonstrate there is no genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264. Any evidentiary material submitted by the moving party may be relied upon by the non-moving party in support of the latter's argument there is a genuine issue of material fact. AAAA Enterprises, Inc. v. Riverplace (1990),50 Ohio St.3d 157.
 {¶ 14} If the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial, and if the non-movant does not so respond, summary judgment, if appropriate, shall be entered. Id. In determining whether a trialable issue of fact exists so as to preclude summary judgment, a court should determine whether a reasonable jury could find the evidence satisfies the evidentiary standard required at trial. Only then could a genuine issue of material fact exist. Myocare Nursing Home, Inc. v. Fifth Third Bank,98 Ohio St.3d 545, 2003-Ohio-2287, 787 N.E.2d 1217.
 {¶ 15} Appellant's complaint sets forth seven causes of action: 1. Intentional infliction of emotional distress; 2. Negligent infliction of emotional distress; 3. Civil conspiracy; 4. Whistle blower protection under R.C. 4113.52; 5. Breach of implied contract; 6. Wrongful discharge against public policy; and 7. Promissory Estoppel. Count three and Count four had been previously dismissed by the court. Appellant does not dispute the court's ruling on these counts, nor as to the intentional and negligent infliction of emotional distress claims, so before us, only the claims of promissory estoppel, implied contract, and public policy discharge remain for our review.
 I {¶ 16} In his first assignment of error, appellant argues the trial court improperly found his promissory estoppel and breach of implied contract claims were pre-empted by the Collective Bargaining Agreement.
 {¶ 17} In Hawaiian Airlines, Inc. v. Norris (1994),512 U.S. 246, the United States Supreme Court found the question of whether Federal law will pre-empt State law is a question of Congressional intent. The Federal statute will be read to supersede a State's powers only if there is a clear and manifest purpose of Congress. Hawaiian Airlines at 252, citations deleted. In the Hawaiian Airlines case, an aircraft mechanic was fired for insubordination, but the mechanic felt he was disciplined for refusing to perform work in violation of health or safety laws. Originally, the mechanic appealed his termination through the grievance procedures of the Collective Bargaining Act, but did not pursue it through the entire grievance procedure. Instead, the mechanic filed suit for wrongful discharge.
 {¶ 18} The Supreme Court found the existence of a potential Collective Bargaining Agreement-based remedy does not necessarily deprive an employee of independent remedies available under State law. Hawaiian Airlines at 261, citations deleted. Certain factual questions about an employee's conduct or an employer's conduct and motives really do not require a court to interpret any term of the Collective Bargaining Agreement. Id. The Supreme Court found there may be instances in which the National Labor Relations Act preempts State law on the basis of the subject matter of the law in question, but this is merely to insure that Federal law will be the basis for interpreting the language in the Collective Bargaining Agreement. Federal law says nothing about the substitutive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of a Collective Bargaining Agreement. The Supreme Court explained if dispute resolution pursuant to a Collective Bargaining Agreement on one hand and State law on the other would require addressing precisely the same set of facts, as long as the State law claim can be resolved without interpreting the agreement itself, the claim is independent of the agreement for preemption purposes.
 {¶ 19} Appellant asserts State law and State public policy govern his claim of wrongful discharge and are not preempted by the Collective Bargaining Agreement and Federal law. This is only true if the State has chosen to enact a law or adopt a public policy to provide protection for its citizens. To determine how Ohio addresses the problem, we must turn to the recent case ofCoolidge v. Riverdale Local School District,100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61. In Coolidge, the Ohio Supreme Court reviewed a situation where a school teacher's continuing contract was terminated because she had exhausted all available paid leave, while she was recovering from a work-related assault by one of her students. The teacher was receiving temporary total benefits from the Workers' Compensation Fund, and was covered by a Collective Bargaining Agreement.
 {¶ 20} The Supreme Court began by noting a claim of wrongful discharge in violation of public policy has traditionally been seen as an exception to the Employment at Will Doctrine, and is seldom applied to employees who work under a Collective Bargaining Agreement. The Supreme Court found Ohio law affords school teachers protection against termination without good and just cause, and we must not construe the statute to provide less protection against wrongful discharges than common law would generally afford to an "at will" employee. The Supreme Court concluded protection from wrongful discharge in violation of public policy or statute should apply to employees covered by a Collective Bargaining Agreement as well as to "at will" employees. In the Coolidge case, the Supreme Court found the basic purpose of any anti-retaliation statute is to enable employees to exercise their rights without fear of retribution from their employers. The Workers' Compensation Act prohibits an employer from firing a worker because he or she has filed a Workers' Compensation claim. The court found an employer should not be permitted to fire an employee solely because of absenteeism or physical incapacity during a period of temporary total disability, because this forces the employee to choose between the enjoyment of benefits to which she is entitled, or loss of employment.
 {¶ 21} Appellant argues his firing was in violation of public policy. Appellant urges he has an independent State granted right to be free from retaliation for reporting safety violations in the workplace. Ohio has codified the so-called Whistleblowers statute in R.C. 4313.52.
 {¶ 22} In Contreras v. Ferro Corporation (1995),73 Ohio St.3d 244, 652 N.E.2d 940, the Ohio Supreme Court explained how the Ohio Whistleblowers statute works. The statute addresses the situation where an employee in the course of his or her employment becomes aware of a violation of a State or Federal statute or any ordinance or regulation of a political subdivision that the employer has the authority to correct, and the employee reasonably believes the violation is a criminal offense or is likely to cause an imminent risk of physical harm or hazard to public health and safety or is a felony. Under such circumstances, the employee must orally notify his or her supervisor or another responsible officer of the violation, and then subsequently file with that person a written report providing sufficient detail to identify and describe the violation. If these requirements are satisfied and the employer does not correct the violation or make a good-faith effort to correct the violation within 24 hours after the oral notification or receipt of the written report, whichever is earlier, then the employee may file a written report with the prosecuting authority of the county or municipal corporation where the violation occurred, or with some other appropriate person specified in the statute. The Contreras court held an employee must strictly comply with the Whistleblower statute to be afforded protection.
 {¶ 23} Turning to the case before us, appellant has alleged numerous safety issues and concerns which he reported to his employer. He alleges after he began reporting the safety violations, Superior retaliated by leveling false accusations of misconduct and appellant filed a grievance regarding the on-going harassment.
 {¶ 24} Appellant does not indicate what the safety violations were, and has not explained how his reporting to his employer complied with the statute with regard to the requirements of oral and written notice. Most significantly, however, is the lack of any allegation appellant actually "blew the whistle" by reporting any safety hazards to an outside authority. We find appellant's actions would not be protected by Ohio's Whistleblower statute.
 {¶ 25} Now we must turn to the question of whether the public policy as exemplified by the Whistleblower statute should offer protection to appellant in this situation. The Coolidge court found the public policy exception for wrongful discharge and retaliation for filing a Workers' Compensation claim should be extended to protect workers who are receiving benefits on an on-going basis. Here, we find the Ohio Whistleblower statute protects workers whose employers retaliate against them for reporting workplace problems to outside authorities, see Grovev. FreshMark, Inc. 156 Ohio App.3d 620, 2004-Ohio-1728,808 N.E.2d 416 at paragraph 19 and paragraph 24.
 {¶ 26} We decline to extend public policy regarding anti-retaliation discharges to this extent. Appellant has proposed we adopt a very vague public policy of "employee safety" and "anti-retaliation" concepts too nebulous to provide guidance for courts, employers, or employees to interpret. Appellant makes only general assertions of retaliation and has not placed in the record any specific safety violations allegedly present at Superior.
 {¶ 27} We find the trial court correctly found appellant's promissory estoppel and breach of implied contract claims were preempted by the Collective Bargaining Agreement.
 {¶ 28} Turning now to the Collective Bargaining Agreement, the trial court quoted the pertinent part of the Collective Bargaining Agreement in effect at the time of appellant's discharge. Item 7 of the contract applies to termination of employment, and requires actions to recover must be commenced within five working days after the termination of the employment. It provides the employer shall not make any verbal or written agreement with an employee that will conflict with the provisions of the agreement without the consent of the union.
 {¶ 29} Item 9 of the Collective Bargaining Agreement provides a grievance procedure which shall be the sole means of settling differences, disputes, and controversies. Item 10 provides for binding final arbitration, again as the sole method of settling disputes.
 {¶ 30} We find the above precludes appellant's actions for implied contract and promissory estoppel because Ohio law does not permit implied covenants in a contract in relation to any matter specifically covered by the written terms. HamiltonInsurance v. Nationwide Insurance Company (1999),86 Ohio St.3d 270.
 {¶ 31} As appellee argues, we find just cause requirements are inferred in modern day Collective Bargaining Agreements which do not contain a contrary express provision, see SFICProperties, Inc. v. Machinist Lodge 94, 103 F.3d 923 (9th Cir. 1996).
 {¶ 32} We find appellant cannot maintain implied contract or promissory estoppel claims under the terms of the Collective Bargaining Agreement which governed his employment with Superior.
 {¶ 33} We find the trial court did not err in finding appellant's claims against Superior were pre-empted by the Collective Bargaining Agreement. Accordingly, each of appellant's assignments of error are overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.