JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Willie Edwards, appeals the trial court's decision to grant summary judgment in favor of appellees, I. Schumann Co. and George Neal. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On March 19, 2004, Edwards filed a complaint against appellees for wrongful termination, in violation of R.C. 4123.90, and wrongful termination in violation of public policy. On May 26, 2004, appellees filed a motion to dismiss, arguing that Edwards' claim for wrongful termination was preempted by the Fair Labor Relations Act. In addition, they asserted that his claim for wrongful termination in violation of public policy was meritless because his employment was eventually reinstated. After the motion to dismiss was filed, the trial court converted it to a motion for summary judgment. On June 21, 2004, the trial court issued a decision denying the motion on the basis that ruling on the motion would not preclude the parties from filing a future motion for summary judgment after discovery was conducted.
 {¶ 3} On July 18, 2005, appellees filed a motion for summary judgment, reasserting their previous arguments. On August 5, 2005, Edwards filed a brief in opposition, arguing that his wrongful termination claim was not preempted by the Fair Labor Relations Act. Appellees filed a reply brief on August 11, 2005. On November 20, 2005, the trial court denied appellee's motion for summary judgment and scheduled trial for March 1, 2006. On February 16, 2006, appellees filed a *Page 4 
motion for reconsideration of their motion for summary judgment and requested an oral argument on the motion. The trial court granted the motion for reconsideration and scheduled oral argument for March 1, 2006. On June 30, 2006, the trial court reversed its previous denial of appellees' motion for summary judgment and granted summary judgment in their favor on all claims asserted by Edwards. On July 28, 2006, Edwards filed his notice of appeal.
 {¶ 4} Edwards was hired by I. Schumann Co. ("Schuman") in November 2001. After 31 days of employment, he became a member of the Teamsters Local 422 Union and, as such, the terms of his employment were subject to the collective bargaining agreement between Schumann and Local 422. In August 2002, Edwards filed a workers' compensation claim, which stemmed from a burn to his foot. On June 10, 2003, he injured his back while stacking ingots, which resulted in a second worker's compensation claim. At the time of his back injury, he returned to work on the same day and did not seek medical treatment until almost a month later. On July 2, 2003, he injured his wrist while working and was sent to the emergency room for treatment. Despite his previous injuries, Edwards continued to work until August 20, 2003, when he was granted temporary total disability benefits for his June 2003 back injury. He was also granted temporary total disability benefits for a depressive disorder he claimed stemmed from his injuries.
 {¶ 5} Edwards received disability benefits from October 26, 2003 until February 24, 2004, when he received a certified letter from Schumann terminating *Page 5 
his employment. On February 25, 2004, he filed a grievance regarding his termination; however, on March 12, 2004, his termination was rescinded. Although he was reinstated, Edwards did not return to work because of his injuries and to this date has not returned. He brings this appeal asserting two assignments of error for our review. Because his assignments of error are substantially interrelated, they will be addressed together.
 {¶ 6} "I. The trial court erred to the prejudice of Edwards by granting summary judgment for appellees despite the fact that Edwards was terminated by appellees in violation of public policy while he was receiving workers' compensation temporary total disability benefits.
 {¶ 7} "II. The trial court erred to the prejudice of plaintiff-appellant Edwards by granting summary judgment for defendant-appellees on Edwards' O.R.C. section 4123.90 claim as the defendants-appellees never filed a motion for summary judgment on Edwards' section 90 claim, Edwards pled his prima facie case, and, finally Defendants' admitted conduct proves the retaliation against Edwards."
 {¶ 8} Edwards argues that the trial court erred when it granted summary judgment in favor of appellees. More specifically, he asserts that genuine issues of material fact remain to litigate regarding whether his termination was in violation of public policy and whether appellees' actions constituted retaliation. We find no merit in his arguments. *Page 6 
 {¶ 9} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim.''' Id. at 296. (Emphasis in original.) The *Page 7 
nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saundersv. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741,607 N.E.2d 1140.
 {¶ 13} In his first assignment of error, Edwards contends that, under his status as a union employee subject to a collective bargaining agreement, he is not barred from asserting a claim for wrongful termination on the basis of public policy. The Ohio Supreme Court specifically held in Haynes v. Zoological Society of Cincinnati (1995),73 Ohio St.3d 254, that a union employee with terms of employment governed by a collective bargaining agreement is barred from asserting a wrongful termination claim on the basis of public policy. The Court further stated that only an at-will employee may assert such a claim. In the present case, Edwards was a union *Page 8 
employee, and the terms of his employment were defined by a collective bargaining agreement.
 {¶ 14} Edwards argues that the Ohio Supreme Court's holding inCoolidge v. Riverdale Local School District, 100 Ohio St.3d 141,2003-Ohio-5357, 797 N.E.2d 61, permits similarly situated employees to assert claims for wrongful termination in violation of public policy. We disagree that Coolidge offers such support. Coolidge provides in pertinent part:
 {¶ 15} "A claim of wrongful discharge in violation of public policy, whether based in worker' compensation or other law, originated, and is generally conceived in Ohio and elsewhere, as an exception to the employment-at-will doctrine.
 {¶ 16} "Coolidge is clearly not an employee at will, since R.C.3319.16 affords her protection against termination without `good cause.' But this does not mean that the board can legally terminate Coolidge's teaching contract for reasons that are repugnant to public policy. R.C.3319.16 does not immunize the board from the dictates of state policy, and it certainly does not provide teachers with less protection against wrongful discharges than the common law generally affords to at-will employees. Thus, if Coolidge can show her discharge contravened public policy expressed in the Workers' Compensation Act, she will have established that her discharge was without good cause under R.C. 3319.16." *Page 9 
 {¶ 17} In addition, this court's holding in Urban v. OsbornManufacturing, Inc., 165 Ohio App. 3d 673, 2006-Ohio-1080,847 N.E.2d 1272, supports the contention that Coolidge did not alter the holding inHaynes. This court held in Urban that:
 {¶ 18} "The Coolidge court did not give a blanket extension to all employees covered by a CBA, but found that the workers' compensation system redefined the employment relationship. Further, the court did not explicitly overrule its previous holding in Haynes. Cases decided afterCoolidge continue to apply the Haynes directive and refuse to allow employees covered by a collective bargaining agreement to bring public policy claims for wrongful discharge."
 {¶ 19} This court further stated in Urban that:
 {¶ 20} "Wrongful discharge in violation of public policy serves to afford at-will employees protection from employers who unilaterally terminate employees for abusive reasons. Employees subject to a CBA do not require judicially-created protection because their employment rights are already subject to protection. We find nothing inCoolidge or its progeny that allows this court to reinterpret the holding in Haynes."
 {¶ 21} It is clear from the holding in Coolidge that it does not overrule Haynes, but rather permits union employees subject to a collective bargaining agreement to file a claim for discharge without good cause under R.C. 3319.16. Because Coolidge does not affect the holding in Haynes, Haynes' requirement that an employee be at will to assert a wrongful termination claim in violation of public policy *Page 10 
still stands. Accordingly, because Edwards is not an employee at will, his claim is barred.
 {¶ 22} Edwards' second assignment of error is equally without merit. He argues that his termination constituted retaliation, entitling him to both compensatory damages and attorney's fees. In addition, he asserts that the trial court erred in granting appellees' motion for summary judgment when the motion did not address his retaliation claim.
 {¶ 23} R.C. 4123.90 provides in pertinent part:
 {¶ 24} "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceeding under the workers' compensation act for an injury or occupational disease which occurred in the course of or arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by payments received pursuant to section R.C. 4123.56 plus reasonable attorney's fees."
 {¶ 25} Edwards' employment was reinstated just 16 days after his termination. During the 16-day period of his termination, he was unable to work and received temporary total disability benefits. The disability benefits equaled the amount he *Page 11 
would have earned had he not been terminated. Because his employment was reinstated, and the temporary benefits he received during the period of his termination were equivalent to the compensation he normally would have earned, it is clear that any claims of lost wages or back pay were adequately remedied for purposes of R.C. 4123.90.
 {¶ 26} With respect to Edwards' argument regarding attorney's fees, he has not provided any evidence to show that legal fees were incurred as a result of seeking reinstatement of employment. Thus, he is not entitled to the remedy of attorney's fees.
 {¶ 27} It is clear that any possible claims of retaliation brought on behalf of Edwards were adequately remedied, rendering his retaliation claim meritless. Accordingly, it was not necessary for appellees to address the claim in their motion, and the trial court did not err in granting summary judgment on the issue.
 {¶ 28} No genuine issues of material fact remain to litigate with respect to appellant's workers' compensation claim. Accordingly, the trial court did not err when it granted summary judgment in favor of appellees, and Edwards' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1